1997 SD 26

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Brian Ray LEE, Defendant and Appellant.**

**No. 19441.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1996.

Decided March 12, 1997.

Mark Barnett, Attorney General, Jeffrey P. Hallem, Assistant Attorney General, for plaintiff and appellee.

Sidney B. Strange of Strange, Farrell, Johnson and Casey, Sioux Falls, for defendant and appellant. On the Brief, Rick Mickelson of Mickelson Law Office.

PER CURIAM.

[¶ 1] Brian Ray Lee pled guilty to sexual contact with a minor under sixteen years. As part of the plea agreement, the State recommended a suspended sentence. After advising him it was not bound by this recommendation, the court imposed a penitentiary sentence. Was defendant entitled to withdraw his plea when the court disregarded the recommendation? We answer no and affirm the sentence because there was no binding disposition pursuant to SDCL 23A–7–8(3).

### FACTS

[¶ 2] Lee was charged with knowingly engaging in sexual contact with his six-year-old niece. He initially pled not guilty, but later moved to reopen the arraignment to withdraw the not guilty plea. After the trial court explained and questioned Lee about the consequences of pleading guilty, Lee's attorney informed the court of a plea agreement:

> MR. STRANGE: Miss Sittig and I have negotiated this agreement and Mr. Lee has agreed to it. The State has agreed to charge Mr. Lee with one count in exchange for a guilty plea. We also agreed we would waive the preliminary hearing on that count and the State indicated that should you accept the plea, and based upon Brian's cooperation, the State would agree to recommend a cap of a suspended execution upon sentencing.

[¶ 3] The trial court then explained and questioned Lee concerning the effect of Lee's agreement with the State:

> THE COURT: Is that your understanding of the plea, Mr. Lee, of what the discussion has been between your lawyer and the State?
>
> MR. LEE: Yes, your Honor.
>
> THE COURT: Has there been anything else that's been discussed?
>
> MR. STRANGE: Well, we're free to recommend some other disposition.

> THE COURT: I understand that. But do you feel there's been any other promises or representations made to you in any way, Mr. Lee?
>
> MR. LEE: No. No.
>
> THE COURT: I want you to understand this one thing, Mr. Lee. Those discussions have been between you and your lawyer and the State. Do you understand that?
>
> MR. LEE: Yes, Your Honor.
>
> THE COURT: I've not been a part of those discussions. Do you understand that?
>
> MR. LEE: Yes, Your Honor.
>
> THE COURT: Your lawyer used a word called a recommendation to the Court. That word is probably well chosen because that's exactly what it is. It's a recommendation. Do you understand that the Court is not bound by a recommendation?
>
> MR. LEE: Yes, sir.
>
> THE COURT: I can accept it, I can accept it in part, or I can totally reject it and sentence you to 15 years. Do you understand that?
>
> MR. LEE: Yes, Your Honor.
>
> THE COURT: With all that in mind then, do you want your plea to remain on the record?
>
> MR. LEE: Yes, Your Honor.

The court found that a factual basis existed for the plea and that Lee understood his constitutional and statutory rights and voluntarily waived them. A presentence report was ordered.

[¶ 4] At sentencing on August 21, 1995, the State reiterated the plea agreement and Lee's attorney asked the court to follow it. Following a statement to the court by the victim's mother, the court adjourned the hearing to allow Court Services to further investigate. When the sentencing hearing was reopened on October 23, 1995, the court ordered an indeterminate sentence of not less than three and not more than seven years in the penitentiary.

[¶ 5] Lee moved to withdraw his guilty plea on October 27, 1995. He argued that pursuant to SDCL 23A-27-11 the court violated the provisions of the plea agreement by

**554**

failing to announce it would not accept the recommendation and by failing to give Lee an opportunity to withdraw his plea. The trial court denied the motion to withdraw, noting it specifically told Lee it was not bound by the plea agreement and that Lee indicated he understood the agreement could be rejected and a prison sentence imposed.

## DECISION

[¶ 6] Lee admits that all parties involved understood the court was not bound by the plea agreement. He contends, however, that once the trial court decided not to accept the agreement, SDCL 23A–7–11 required the court to inform Lee and allow him to withdraw his plea:

> If a court rejects the plea agreement, it shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in chambers, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, if a plea has been entered, and advise him that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to him than that contemplated by the plea agreement.

[¶ 7] Nonacceptance of a recommended sentence does not constitute a rejection of a plea bargain under certain circumstances, however. In *State v. Grosh*, 387 N.W.2d 503, 506 (S.D.1986) this Court explained,

> Alternatively, Mr. Grosh contends the trial court's denial of his withdrawal motion was an abuse of discretion because the trial court accepted a portion of the plea bargain, i.e., the charge concessions, but refused the sentence diminishment without permitting him to withdraw his plea based thereon. In *State v. Rich*, 305 N.W.2d 390, 392–93 (S.D.1981), we held, in the context of that case, that where the trial court repeatedly advised the defendant of his rights and of the fact that it was not bound by the agreement, the trial court's nonacceptance of the recommended maximum sentence did not constitute a rejection of

the defendant's plea bargain with the State which would afford him a right to withdraw his plea under *United States v. Sarubbi*, 416 F.Supp. 633 (D.N.J.1976). This is because an SDCL 23A–7–8(2) agreement to recommend or not oppose a requested sentence is understood by the parties not to bind the trial court to that recommendation or request and nonacceptance thereof is not a rejection of the plea agreement. *Rich*, 305 N.W.2d at 392–93. Sentencing is the function of the trial court.

SDCL 23A–7–8(2) allows the prosecutor and defense to

> engage in discussions, with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the prosecuting attorney will do any one or more of the following:
>
> * * *
>
> (2) Make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court;

[¶ 8] The record is clear that Lee, his attorney, the State, and the trial court understood the "cap of a suspended execution upon sentencing" was a nonbinding recommendation. As such, the court's nonacceptance of the requested sentence was not a rejection of the plea bargain and Lee had no right to withdraw his guilty plea. *Grosh*, 387 N.W.2d at 507.

[¶ 9] The judgment is affirmed.

[¶ 10] MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., participating.