#24586-rev & rem-RWS

**2008 SD 105**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

v.

RONALD N. REAVES,                         Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE MERTON B. TICE, JR.
Judge

\* \* \* \*

LAWRENCE E. LONG
Attorney General

FRANK GEAGHAN
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                          and appellee.

PAULA D. CAMP
Pennington County Public
 Defender's Office
Rapid City, South Dakota                  Attorneys for defendant
                                          and appellant.

\* \* \* \*

                                          CONSIDERED ON BRIEFS
                                          ON SEPTEMBER 29, 2008

                                          OPINION FILED **11/05/08**

#24586

SABERS, Justice.

[¶1.]     Ronald Reaves pleaded guilty to second degree rape in exchange for a binding agreement providing a maximum of 15 years in the penitentiary and dropping the alternative kidnapping charges.  Circuit Court Judge Merton Tice, Jr. informed Reaves that if the court was not going to adhere to the plea agreement, Reaves would have the opportunity to withdraw his guilty plea.  Judge Tice sentenced Reaves to 20 years in the penitentiary, with 10 suspended, believing that this was within the plea agreement terms.  Reaves appeals, raising three issues. Because the circuit court wrongfully believed its sentence adhered to the plea agreement's terms, we reverse and remand for resentencing based on the first issue, and it is not necessary to reach the second and third issues.

## FACTS

[¶2.]     On August 25, 2006, Reaves was charged with second degree rape and aggravated kidnapping in the first degree, or, in the alternative, kidnapping in the second degree.  Thereafter, the State and Reaves entered into a binding plea agreement that capped Reaves' sentence at 15 years for the second degree rape charge and dropped all other charges in exchange for Reaves' guilty plea.  The circuit court agreed to follow the plea agreement, unless it determined a greater penalty was more appropriate.  On April 18, 2007, a hearing was held at which Reaves pleaded guilty to rape in the second degree.  Judge Tice informed Reaves that second degree rape carries a "maximum penalty of 50 years, a $50,000 fine or both if [the court] did not accept the binding recommendation of 15 years[.]" Importantly, the court acknowledged that if it should feel a greater penalty was

-1-

appropriate, Reaves "would be given the opportunity at that time to withdraw [his] plea."

[¶3.] Reaves was sentenced on June 19, 2007. Both parties argued in support of their positions, with the State engaging in an aggravating sentencing narrative. Afterward, the court reminded Reaves of the possibility that it may not accept the plea agreement. Reaves was asked whether he wanted to withdraw his guilty plea, to which he declined because at this time he did not know whether the court was going to accept or reject the plea agreement; this inquiry came before the sentence was given. Reaves was sentenced to 20 years in the penitentiary, with 10 years suspended. After the sentence was declared, Reaves was not given the opportunity to withdraw his plea.

[¶4.] After a notice of appeal was filed with this Court on July 17, 2007, Reaves petitioned this Court for an order remanding the matter to present a motion for relief from judgment and for resentencing. The order was granted. At the circuit court motions hearing, the court stated that since it "did not believe [the 20-year sentence, with 10 years suspended] was a violation of . . . the plea agreement, [it] felt [it was] under no obligation to allow [Reaves] to withdraw [his plea]." Therefore, the circuit court denied the motion. Subsequently, Reaves appealed, raising the following issues:

1. Whether the circuit court erred in finding that a sentence of 20 years, with 10 suspended, is less than the 15-year cap as agreed upon by the parties in the binding plea agreement.

2. Whether the circuit court erred in finding that the imposition of a 20-year sentence, with 10 suspended, was not a rejection of the binding plea agreement and that it had satisfied the requirements of SDCL 23A-7-11.

3.  Whether the circuit court erred in finding that the State did not breach the binding plea agreement by engaging in an aggravated sentencing narrative at the time of sentencing.

## STANDARD OF REVIEW

We review the circuit court's findings of fact under the clearly erroneous standard. Under this standard, we will only reverse when we "are left with a definite and firm conviction that a mistake has been made" after a thorough review of the evidence. We review conclusions of law under the de novo standard without deference to the circuit court.

Osman v. Karlen and Assocs., 2008 SD 16, ¶15, 746 NW2d 437, 442-43 (quoting

Fin-Ag, Inc. v. Feldman Bros., 2007 SD 105, ¶19, 740 NW2d 857, 862-63 (additional

citation omitted)). Therefore, we employ a de novo review to determine whether the

circuit court complied with the binding plea agreement by giving a sentence that

ultimately fell within the 15-year maximum.

[¶5.]     **1.     Whether the circuit court erred in finding that a sentence of 20 years, with 10 suspended, is less than the 15-year cap as agreed upon by the parties in the binding plea agreement.**

[¶6.]     The State claims that (1) the plea agreement was not binding on the

circuit court, and (2) the 20-year sentence, with 10 years suspended, was not a

breach of the plea agreement between the parties. We disagree on both points.

[¶7.]     We recognize that generally circuit courts are not bound by plea

agreements. *See* SDCL 23A-7-9. *See also* State v. Thorsby, 2008 SD 100, ¶10, ___

NW2d ___ (citing SDCL 23A-7-9); State v. Burgers, 1999 SD 140, ¶11, 602 NW2d

277, 280 (citing same). The plea agreement at issue, however, was presented as a

binding agreement, and the court, when it sentenced Reaves, believed it was

adhering to the plea agreement's terms. The State insists the circuit court informed

Reaves several times that it was not bound by the plea agreement. The State misses the point. While it is true that the court advised Reaves that it was not bound by the agreement, it never informed Reaves whether or not it was going to reject the agreement, and thereby provide Reaves the opportunity to withdraw his guilty plea. The court, in fact, implicitly accepted the plea agreement. At a later motions hearing, the court specifically stated, "I believe that the sentence is well within the plea agreement; in fact, [it is] five years less than what the court could have imposed upon him at the time." In *State v. Lohnes*, we stated that "[o]nce having accepted the agreement, the trial court was bound to honor its promise to perform it[.]" 344 NW2d 686, 688 (SD 1984). *See also* Santobello v. New York, 404 US 257, 262, 92 SCt 495, 499, 30 LEd2d 427 (1971) (stating that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"). Therefore, under the circumstances of this case, the circuit court had to ensure that its sentence satisfied the terms of the plea agreement. That brings us to the question of whether the sentence is in fact within the plea agreement cap of 15 years.

[¶8.] *State v. Bowers*, 498 NW2d 202 (SD 1993), involved abortion protestors charged with unlawful occupancy of property and disorderly conduct. The protestors requested jury trials. The magistrate judge denied their requests, "assuring the protestors that he would impose no jail sentences in the event they were found guilty." *Id.* at 204. The protestors were found guilty of both charges, and subsequently fined and sentenced to "seven to fourteen days jail time which

was suspended on the condition of no like offenses for one year." *Id.* This was appealed to the circuit court. The circuit judge affirmed the convictions, but modified the sentences by deleting the suspended jail time, recognizing that "a final judgment entered imposing a suspended seven days in the county jail was contrary to the [magistrate court's] assurance" of no jail sentence. On appeal, we held in part that "[t]he circuit court's subsequent judgment [which deleted the suspended jail time] cured the magistrate judge's improper sentencing." *Id.* at 205. We therefore adopted the circuit court's determination that the sentence contradicted the magistrate's promise. A court cannot say it is going to do one thing and then do something else. This rationale is directly applicable to the case before us.

[¶9.] In this case, the judge told Reaves that Reaves would have an opportunity to withdraw his guilty plea if the court decided to give a sentence in excess of the plea agreement cap of 15 years. Without providing that opportunity, Reaves was sentenced to 20 years, with 10 years suspended. Under the *Bowers* analysis, suspended time equals imprisonment time, with the only difference being that the defendant is not required to serve the suspended sentence as long as he abides by the provided conditions. Therefore, Reaves's sentence of 20 years, with 10 years suspended, improperly exceeded the 15-year cap.

[¶10.] Case law supports the position that a sentence includes both the amount of time ordered to be served in jail *and* the amount of time suspended. *See* Alabama v. Shelton, 535 US 654, 672, 122 SCt 1764, 1775, 152 LEd2d 888 (2002) (noting that "activation of a suspended sentence results in the imprisonment of [a] defendant 'for a term that relates to the original offense' and therefore 'crosses the

line of actual imprisonment'"); Krukow v. SD Bd. of Pardons and Paroles, 2006 SD 46, ¶10, 716 NW2d 121, 124 (recognizing that although 9.5 years of the defendant's 10-year sentence was suspended, he was still sentenced to 10 years); Hughes v. SD Bd. of Pardons and Paroles, 1999 SD 44, ¶14, 593 NW2d 789, 791 (stating that "[i]f the prisoner cannot conform to the rules of the [suspended sentence] agreement, a flat time sentence is the result."); *Lohnes*, 344 NW2d at 687 (Although the plea agreement guaranteed no life sentence, defendant was sentenced to 347 years, with "171 years and 7 months of good time earned immediately on that sentence[, leaving] a net sentence of 175 years and 6 months of which a first time offender does one-fourth or 43.8 years." In holding that this was effectively a life sentence, this Court focused on the 347-year sentence, and not the net sentence of 175 years and 6 months, or even the 43.8 years after which the defendant would be up for parole.).

[¶11.] Reaves' sentence included 10 years suspended. The 10 years suspended are conditioned on Reaves not violating any part of the sentencing judgment. It is speculative whether Reaves will violate the conditions. It is safe to assume that *if* Reaves violates the conditions, a court would reinstate some, if not all, of the suspended years, which could potentially result in a total prison term of 20 years.* Therefore, the circuit court did not give Reaves a 10-year sentence, but

---

\* The State cites cases holding that it should not be assumed that the defendant would commit another crime. *See* Bostick v. Weber, 2005 SD 12, ¶26, 692 NW2d 517, 523; *Matter of* Woodruff, 1997 SD 95, ¶10, 567 NW2d 226, 228; Moeller v. Solem, 363 NW2d 412, 414 (SD 1985). We are not assuming that Reaves *would* commit another crime, but we consider what could happen *if* he does commit a crime or otherwise violates the sentencing

(continued . . .)

rather a 20-year sentence, a portion of which is suspended provided there is no violation of the accompanying conditions. The court incorrectly believed its sentence was within plea agreement's 15-year cap. The circuit court is reversed on this issue, and the case is remanded for resentencing.

[¶12.]     Because the circuit court did not reject the plea agreement, and failed to give a sentence within the binding plea agreement, it is not necessary for us to reach issues 2 and 3.

[¶13.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.

---

(. . . continued)

judgment by "not be[ing] as good as required by the conditions of probation." State v. Beck, 2000 SD 141, ¶7, 619 NW2d 247, 249 (quoting State v. Bell, 369 NW2d 140, 142 (SD 1985) (citation omitted)).