#25599-rem-PER CURIAM

**2010 S.D. 95**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                           Plaintiff and Appellee,

v.

STEVEN LEE SHUMAKER,                           Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE PETER H. LIEBERMAN
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

FRANK GEAGHAN
Assistant Attorney General
Pierre, South Dakota                           Attorneys for plaintiff
                                               and appellee.


NICOLE J. LAUGHLIN
Office of the Minnehaha
 County Public Defender
Sioux Falls, South Dakota                      Attorneys for defendant
                                               and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON NOVEMBER 15, 2010

OPINION FILED **12/15/10**

#25599

PER CURIAM.

[¶1.]        Steven Shumaker appeals his conviction for fourth offense DUI.  The

issue is whether the trial court erred in sentencing Shumaker to five years in the

state penitentiary, with two years conditionally suspended.  Because the trial court

accepted Shumaker's binding plea agreement, which called for a sentence no

greater than three years, the court erred when it sentenced Shumaker.

### Background

[¶2.]        On June 18, 2009, Defendant Steven Shumaker was arrested for

Driving Under the Influence.  Shumaker was charged by Indictment with Driving

Under the Influence.  The State also filed a Part 2 Information charging Shumaker

with Fourth Offense Driving Under the Influence pursuant to SDCL 32-23-4.6,

which is a Class 5 felony punishable by five years imprisonment.

[¶3.]        The State negotiated a plea agreement with Shumaker that called for

a cap of three years penitentiary time.  Nothing in the record suggests that the plea

agreement called for any suspended penitentiary time beyond the three years.  On

January 6, 2010, a plea hearing was conducted.  The trial court fully advised

Shumaker of his rights.  The relevant part of the plea hearing went as follows:

> THE COURT:  Is there any agreement I should be aware of,
> Miss Laughlin?
>
> MISS LAUGHLIN:  There is, Your Honor.  The agreement is a
> cap of three years penitentiary time . . . .
>
> . . .
>
> THE COURT:  Instead of facing five years, you would be facing
> no more than three years.  Do you have any questions about
> that?

> THE DEFENDANT:  No, Your Honor.
>
> THE COURT:  There will also be suspended penitentiary time. Do you understand that?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  And you and your client understand under State versus Reeves [sic] the only thing the Court can bind itself to is no more than three years lock-up time?
>
> MISS LAUGHLIN:  Yes, Your Honor.
>
> THE COURT:  Mr. Shumaker, are you ready to enter your plea at this time?
>
> THE DEFENDANT:  Yes, sir.

After this exchange, Shumaker pleaded guilty to Driving Under the Influence 0.08 Percent or More Alcohol by Weight in the Blood under SDCL 32-23-1(1) and admitted to Fourth Offense Driving Under the Influence under SDCL 32-23-4.6. The court found that a factual basis existed and accepted the plea as "voluntary and intelligent."

[¶4.]        At the sentencing hearing on February 23, 2010, the court sentenced Shumaker to five years in the state penitentiary with two years conditionally suspended.  Shumaker appeals his sentence arguing that the trial court accepted the binding plea agreement that capped his penitentiary time at three years, but then failed to sentence him within the terms of the agreement.

## Standard of Review

[¶5.]        Whether a trial court complied with a binding plea agreement is a question of law.  *State v. Reaves*, 2008 S.D. 105, ¶ 4, 757 N.W.2d 580, 582 (stating that "we employ a de novo review to determine whether the circuit court complied

with the binding plea agreement"). We use the de novo standard of review when considering questions of law. *Id.*

## Analysis and Decision

[¶6.]    "We recognize that generally circuit courts are not bound by plea agreements." *Id.* ¶ 7. *See* SDCL 23A-7-9. Nevertheless, if a trial court accepts a binding plea agreement, it is bound to honor its promise to sentence the defendant within the bounds of the agreement. *Reaves*, 2008 S.D. 105, ¶ 7, 757 N.W.2d at 582 (citing *State v. Lohnes*, 344 N.W.2d 686, 688 (S.D. 1984)).[1] If a trial court were not bound, it would not be required under SDCL 23A-7-10 (Rule 11(e)(3)) to "inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement."

[¶7.]    The record indicates that the trial court accepted the binding plea agreement. During the plea hearing, the trial court stated, "[Shumaker] has been advised of his legal rights and the charge against him, the penalty he faces, both under the statute and under this plea agreement." The trial court's use of "this" plea agreement, implies acceptance of the terms of the plea agreement, which

---

1.    There is no indication that the plea agreement was the non-binding type of plea agreement under SDCL 23A-7-8(2) that was present in *State v. Rich*, 305 N.W.2d 390 (S.D. 1981). In an SDCL 23A-7-8(2) plea (recommendation) agreement, "it is part of the agreement itself that the parties understand that the court is not bound by the recommendation or request. Non-acceptance of the request is not a rejection of the agreement[.]" *Id.* at 392-93. Thus, if the court accepts the non-binding (SDCL 23A-7-8(2)) agreement, but does not follow the recommendation, the defendant has no right to withdraw his or her plea. *Id. See State v. Lee*, 1997 S.D. 26, ¶ 8, 560 N.W.2d 552, 554 (holding trial "court's non-acceptance of the requested sentence was not a rejection of the plea bargain [made pursuant to SDCL 23A-7-8(2)] and [defendant] had no right to withdraw his guilty plea").

capped any penitentiary time—suspended or not—at three years.  At the sentencing

hearing, the court again declared its acceptance of the plea agreement:

> THE COURT:  Well, you can thank your attorney, Mr.
> Shumaker.  She saved you from two years in the penitentiary.
> The legislature says you can receive up to five years.  The
> agreement is that you can only receive up to three.  Given the
> number of DUIs you have on your record, you have to expect
> maximum sentences from now on.  Your lawyer did an amazing
> job for you, got it down from five to three.  *That's the agreement.
> I'll live with it.*

(Emphasis added.)

[¶8.]        Furthermore, the record indicates that the trial court did not explicitly

reject the plea agreement and advise Shumaker pursuant to SDCL 23A-7-11.  If a

court rejects a plea agreement before a plea has been entered, SDCL 23A-7-11

provides that the court shall "on the record, inform the parties of this fact" and

advise the defendant that it is not bound by the agreement.  The court never

informed the parties it was rejecting the plea agreement.  Additionally, the court

must advise "that if [defendant] persists in his guilty plea . . . the disposition of the

case may be less favorable to him than that contemplated by the plea agreement."

*Id*.  The trial court did not advise Shumaker of this either.[2]

[¶9.]        The State asserts Shumaker knew, before pleading guilty, that the

trial court intended to reject the plea agreement and sentence him to suspended

penitentiary time that could make his total sentence up to five years long.

Shumaker argues that the trial court told him it would sentence him to no more

---

2.    Even though the court advised Shumaker that it was "only" binding itself to
      "no more than three years lock-up time," this statement was still within the
      bounds of the plea agreement and does not equate with a rejection of the plea
      agreement or any of the required advisements of SDCL 23A-7-11.

than three years in the penitentiary, with a portion of that three-year penitentiary maximum suspended at the court's discretion. The trial court told Shumaker that "[t]here will also be suspended penitentiary time" after explaining that he "would be facing no more than three years." The language used by the trial court did not clarify whether the discretionary suspended penitentiary time applied to the three years capped by the plea agreement versus the two years dropped from the maximum legislative sentence of five years. At no time did the trial court expressly state that the suspended time was separate from or in addition to the "no more than three years." The trial court's ambiguous reference to suspended time did not inform Shumaker that the court was rejecting the plea agreement. Rather, taken in the context of the trial court's other statements, the trial court agreed that a portion of Shumaker's three-year maximum penitentiary sentence would be suspended at its discretion.

[¶10.] Shumaker argues that the trial court's sentence of five years with two years conditionally suspended did not comply with the court's acceptance of the plea agreement, which capped his sentence at three years. The court promised Shumaker "no more than three years lock-up time" under *State v. Reaves*. In *Reaves*, the question was whether the trial court's sentence of twenty years with ten years suspended comported with the court's acceptance of the plea agreement capping the sentence at fifteen years. 2008 S.D. 105, ¶¶ 7, 9, 757 N.W.2d at 582-83. We concluded that "a sentence includes both the amount of time ordered to be served in jail and the amount of time suspended." *Id.* ¶ 10. Explaining this conclusion, we stated, "It is safe to assume that *if* Reaves violates the conditions [of

the time suspended], a court would reinstate some, if not all, of the suspended years, which could potentially result in a total prison term of 20 years" that would improperly exceed the fifteen-year sentence cap. *Id.* ¶ 11.

[¶11.]     Likewise, it is safe to assume that if Shumaker violates the conditions of his suspended time, a court would reinstate some, if not all of the two suspended years. This would result in a "lock-up time" *over* three years—which would contravene the trial court's explicit promise of "no more than three years lock-up time" and the plea agreement's cap of three years penitentiary time. The trial court's sentence of five years with two years conditionally suspended was improper.

## Conclusion

[¶12.]     The trial court's improper sentence in *Reaves* resulted in a remand of the case for the resentencing of the defendant within the bounds of the plea agreement. *Id.* This case demands the same result. The case is remanded for resentencing.

[¶13.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, MEIERHENRY, and SEVERSON, Justices, participating.