# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3770

_____

United States of America

*Plaintiff - Appellee*

v.

Chad Two Hearts

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: October 10, 2014
Filed: December 4, 2014
[Unpublished]

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Chad Two Hearts stands convicted after a trial by jury of Aggravated Sexual Abuse of a Child in Indian Country in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(A), for acts committed against his son on the Cheyenne River Indian

Reservation. At sentencing, the district court[1] calculated Two Hearts' advisory range as 324 to 405 months in prison under the United States Sentencing Guidelines (the Guidelines) and imposed a 324-month sentence. Two Hearts appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

On March 13, 2013, the Government returned a superseding indictment charging Two Hearts with one count of Aggravated Sexual Abuse of a Child under the age of twelve years old.

During a two-day trial, the Government introduced evidence that Two Hearts began sexually assaulting his son, T.K., when they lived together in Hills, Minnesota. In interviews with law enforcement, Two Hearts initially denied and then subsequently confessed that on two occasions in Hills, Minnesota, he had sexually assaulted T.K. by penetrating T.K.'s anus with his penis.

T.K. testified that the sexual abuse continued after he and Two Hearts moved from Minnesota into Two Hearts' mother's home in Eagle Butte, South Dakota, during the summer of 2004 when T.K. was nine years old. T.K. testified that on at least two occasions, Two Hearts entered T.K.'s room smelling of alcohol and inserted his penis into T.K.'s anus. According to T.K., one of these episodes occurred about a month after he and his father had moved to Eagle Butte from Minnesota. T.K. also testified that Two Hearts had hit T.K. "all over" using his fists and various objects including a spatula, belt, and meat tenderizer.

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

Multiple witnesses testified regarding the difficulties that children have in making full, accurate disclosures about being sexually abused. Lora Hawkins testified to her interviews of T.K. while she was employed at the Child Advocacy Center of the Black Hills. Hawkins testified that in her initial interview with T.K., he did not explicitly state that he was being abused at his grandmother's home. T.K.'s body language, however, gave her the distinct impression the abuse had continued to happen in Eagle Butte. Hawkins testified that it would be "rare" for a child to disclose all instances of abuse during an initial interview. Mindy Mitnick, a licensed psychologist, testified that children who have experienced sexual abuse commonly minimize the abuse, especially abuse committed by family members, and have difficulty specifying time frames of when the abuse occurred, particularly if it occurred frequently. Mitnick further testified that because the vast majority of sexual abuse occurs in private, there are usually no witnesses to the crime.

After the Government presented its evidence, Two Hearts moved for judgment of acquittal under Fed. R. Crim. P. 29(a). The district court denied the motion and the jury found Two Hearts guilty of the charged crime. On December 17, 2013, the district court sentenced Two Hearts to 324 months in prison—a sentence at the bottom of the Guidelines' range, but nonetheless quite lengthy. Two Hearts filed a timely notice of appeal to this court.

## II. Discussion

On appeal, Two Hearts argues that the district court erred by denying his motion for judgment of acquittal because the evidence is insufficient to support his conviction. In reviewing de novo the sufficiency of the evidence to sustain a conviction, we view the evidence in a light most favorable to the verdict and accept all reasonable inferences supporting the verdict. *United States v. Cuevas-Arrendondo*, 469 F.3d 712, 715 (8th Cir. 2006). We will overturn Two Hearts' conviction "only if no reasonable jury could have found him guilty beyond a reasonable doubt." *United*

*States v. Bell*, 477 F.3d 607, 613 (8th Cir. 2007). "Our standard of review concerning whether the evidence is sufficient to support a conviction is strict." *United States v. Savatdy*, 452 F.3d 974, 976 (8th Cir. 2006).

Two Hearts argues that his conviction cannot stand because it is based on unreliable and uncorroborated testimony from his son. "However, we do not consider attacks on witnesses' credibility when we are evaluating an appeal based upon the sufficiency of evidence." *United States v. Funchess*, 422 F.3d 698, 701 (8th Cir. 2005); *see also United States v. Wiest*, 596 F.3d 906, 910 (8th Cir. 2010) ("This court does not weigh the evidence or the credibility of the witnesses."). Indeed, "[q]uestions of credibility are the province of the jury." *United States v. Chavez*, 230 F.3d 1089, 1091 (8th Cir. 2000). In support of his claim, Two Hearts also points to this court's statement that "an uncorroborated confession, standing alone, cannot provide the grounds to convict a defendant." *Lufkins v. Leapley*, 965 F.2d 1477, 1482 (8th Cir. 1992). Although Two Hearts acknowledges that a victim's testimony can be sufficient to support a guilty verdict, he requests that his son's testimony be treated as that of the defendant's confession in *Lufkins*. Two Hearts cites no authority, however, requiring a victim's testimony to be corroborated in order to support a conviction. Accordingly, there is no basis to extend *Lufkins* to the present case. Because the evidence presented by the Government at trial, if believed, establishes Two Hearts' guilt beyond a reasonable doubt, we conclude that the evidence is sufficient to support his conviction.

## III.   Conclusion

For the foregoing reasons, we affirm.

_____