GILBERTSON, Chief Justice
(concurring in part and dissenting in part).
[¶ 15.] I agree with the majority opinion in that the State breached the plea agreement and the defendant should be resentenced. I part with the majority opinion where it holds that remanding to a different judge is necessary. I would not depart from this Court’s regular procedure and would remand to the same judge.
[¶ 16.]' The majority opinion cites to Braeht and the cases that follow to support its contention that remand to a different judge is required. Majority opinión ¶¶ 10-11. However, Braeht and the cases since are based on the mistaken assumption that this result is constitutionally mandated by Santobello, 404 U.S. at 263, 92 S.Ct. at 499. The crux of Santobello is that state courts have discretion in determining appropriate *743 remedies for a criminal defendant when the state breaches a plea agreement. “The ultimate relief to which petitioner is entitled we leave to the discretion of the state court[.]” Id. The opinion then lists possible remedies the state court could pursue, which include requiring specific performance of the plea bargain via resen-tencing by a different judge or allowing the defendant to withdraw the plea. Id. The language of the opinion does not state that these are the only remedies permitted by the Constitution. Additionally, Santo-bello discussed how the process of plea-bargaining “must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor ... such promise must be fulfilled.” Santobello, 404 U.S. at 262, 92 S.Ct. at 499 (emphasis added). This language indicates a spectrum of acceptable remedies upon a prosecutor’s breach of a plea bargain, not a rigid choice of remanding before a different judge or withdrawal of a plea.[2] The only constant required is that the State must fulfill its bargain.
[¶ 17.] The Eighth Circuit has also held that Santobello does not mandate a per se rule of remanding to a different judge in United States v. Funchess, 422 F.3d 698, 704 (8th Cir.2005). In Funchess, the district court improperly computed the defendant’s base-level offense for purposes of sentencing, and the Eighth Circuit rejected the defendant’s argument that Santo-bello required remand to a different judge. Id. While not a breach-of-plea case such as this, the court held that the important factor in Santobello was whether the judge had- been exposed to prejudicial information. “In this matter, unlike Santobello, the district court was not exposed to information that would unduly prejudice resen-tencing and there is no evidence that the district court’s decision-making would be tainted by the previous sentencing. As a result, this case, insofar as it is remanded/ should not be reassigned.” Id. This case presents a similar distinction from Santo-bello, as nothing that the prosecutor said revealed information that was not already available in the presentence investigation report.
[¶ 18.] Additionhlly, other federal circuits have rejected the conclusion that Santobello requires one of only two remedies 'on remand. In United States v. Van-Dam, the court held that while remand to a different judge is the usual remedy, San-tobello does not require it in all cases. 493 F.3d 1194, 1206 (10th Cir.2007), The tenth circuit ruled similarly in United States v. Oakes, holding that the general rule of remand to a different judge is not a rigid rule, and remand to the same judge is allowed. 680 F.3d 1243, 1247 (10th Cir.2012).
[¶ 19.] The majority opinion seems to concede that Santobello does not require remand to a different judge but allows the states discretion. Bracht, the majority opinion argues, is this Court exercising that discretion and choosing to remand to a different judge. However, this conclusion misreads the Bracht holding. Bracht was not an instance of this Court exercis *744 ing the discretion granted by Santobello, but rather was this Court improperly concluding that Santobello requires remand to a different judge in breaeh-of-plea cases. “However, in order to create a consequence for a prosecutor’s broken promise, Santobello requires resentencing before a different judge.” Bracht, 1997 S.D. 136, ¶ 12 n. 1, 573 N.W.2d 176, 180 n. 1 (emphasis added). “We have an obligation to obey the law and to yield to superior authority. How can we legitimately refuse to follow direct precedent .from the United States Supreme Court on a constitutional issue flowing from an identical set of facts?” Id. (emphasis added). “[Tjhere is a sound and logical rationale for Santobel-lo’s requirement of resentencing by a different judge.” Id. (emphasis added). As Bracht and the cases that follow it, base their holdings on the mistaken premise that Santobello requires reassignment in all breaeh-of-plea-agreement cases, they are of little precedential value and should be overruled. The majority opinion cannot now hold that Santobello allows the state discretion in choosing remedies — a conclusion inconsistent with Bracht and its progeny — while simultaneously holding up the result in these cases as binding precedent.
[¶ 20.] As Santobello does not require remanding to a different judge, as this Court’s previous cases incorrectly hold, the Court must determine a different method of determining remedy. “Remanding a case to a different judge is a serious request rarely made and rarely granted.” Awadallah, 436 F.3d at 135. “In the absence of proof of personal bias, we remand to a new judge only under ‘unusual circumstances.’ ” Sears, Roebuck & Co., 785 F.2d at 780 (quoting United States v. Arnett, 628 F.2d 1162, 1165 (9th Cir.1979),) “[Reassignment is an exceptional remedy, one that we weigh seriously and order sparingly.” Kennedy, 682 F.3d at 258 (analyzing whether federal statutes would require reassignment on remand). The factors from the oft-cited Robin, 553 F.2d at 10, are appropriate for determining when one of these rare instances arises:
(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected,
(2) whether reassignment is advisable to preserve the appearance of justice, and
(3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.
See also Bracht, 1997 S.D. 136, ¶ 28, 573 N.W.2d at 183 (Gilbertson, J., dissenting).
[¶ 21.] Applying the three factors from Robin to this case, I do not think reassignment is necessary. Regarding the first factor, there was nothing erroneous about the trial judge’s decision — the fault lies entirely with the prosecutor. Thus, there would be nothing for the judge to put out of his mind on remand.
[¶ 22.] Regarding the second factor, the appearance of justice can be preserved with the same judge. Again, the defendant was not wronged by any action by the judge. Once the State fulfills its end of the bargain, the injustice inflicted upon the defendant will be remedied. Changing judges will not help this process.
[¶23.] Finally, remanding to a different judge would entail assigning a judge unfamiliar with the case for sentencing. This would invariably cause .inefficiency that would- not occur if the same judge were assigned. The waste of judicial resources would far outweigh any perceived unfairness..
*745 [¶ 24.] I' acknowledge that Robin and the other cited cases here do not involve breach-of-plea agreements. However, if Santobello does not require reassignment, a premise the* majority opinion appears to accept, then there is no reason why breach-of-plea cases cannot use Robin’s test to determine whether reassignment is warranted. On a standard case where a judge makes a mistake that requires remand, we do not reassign, yet here we hold reassignment to be mandatory while emphasizing the innocence of the judge. State v. Lohnes exemplifies this inconsistent approach. 344 N.W.2d 686, 688 (S.D. 1984). In Lohnes, the trial judge accepted a defendant’s guilty plea, and subsequently promised not to sentence the defendant to life in prison. Id. The judge then sentenced the defendant to 347 years in prison. Id. We emphasized “the trial court was bound to honor its promise” and held the sentence to be a breach of that promise, as the defendant had understood his plea to mean he would at some point be entitled to release, not just eligible for parole. Id. at 688-89. Despite this breach, we remanded to the same judge that breached his promise. Id.; see also State v. Shumaker, 2010 S.D. 95, ¶ 12, 792 N.W.2d 174, 177 (remanding to the same judge, even where judge had not sentenced defendant within the bounds of a binding plea agreement); State v. Reaves, 2008 S.D. 105, ¶ 11, 757 N.W.2d 580, 584 (remanding to the same judge where judge accepted plea agreement but then sentenced defendant- to term outside of binding plea agreement’s terms). Yet, in cases where “[w]e emphasize that.this is in no sense to question the-fairness of the sentencing judge” we remand to. a different judge. Bracht, 1997 S.D. 136, ¶ 13, 573 N.W.2d at 181 (quoting Santobello, 404 U.S. at 263, 92 S.Ct. at 499).
[¶ 25.] These cases illustrate the inconsistency of the majority opinion’s reasoning. How can we hold that the sentencing judge is capable of setting'aside bias when she was responsible for-a breached plea bargain but incapable when the breach was in no way her fault? A better approach would be to apply the Robin factors on a case-by-case basis, regardless of who breached the agreement. I would remand to the same judge who previously sentenced the defendant.

. While many courts have remanded to a different judge in breach-of-plea-cases, many have done so without a great deal of analysis. These cases simply assert the conclusion without analyzing whether the outcome is actually mandated by Santobello. E.g., United States v. Navarro, 817 F.3d 494, 503 (7th Cir.2016); United States v. Dawson, 587 F.3d 640, 648 (4th Cir.2009); United States v. Cudjoe, 534 F.3d 1349, 1357 (10th Cir.2008); United States v. Cachucha, 484 F.3d 1266, 1271 (10th Cir.2007); United States v. Mosley, 505 F.3d 804, 812 (8th Cir.2007); United States v. Mondragon, 228 F.3d 978, 981 (9th Cir.2000).