**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

v.

ALBERT LEE ROBBINS,
   *Defendant-Appellant.*

No. 00-4598

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-99-61-F)

Argued: June 4, 2002

Decided: July 11, 2002

Before KING and GREGORY, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

---

Vacated and remanded by unpublished opinion. Senior Judge Beezer
wrote the opinion, in which Judge King and Judge Gregory joined.

---

**COUNSEL**

**ARGUED:** Joseph Michael McGuinness, THE MCGUINNESS
LAW FIRM, Elizabethtown, North Carolina, for Appellant. Christine
Witcover Dean, Assistant United States Attorney, Raleigh, North Car-
olina, for Appellee. **ON BRIEF:** John Stuart Bruce, United States

Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

BEEZER, Senior Circuit Judge:

Albert Lee Robbins ("Robbins") appeals his conviction and sentence for conspiracy to distribute and to possess with intent to distribute cocaine. Robbins entered into a written plea agreement with the government in which he promised to plead guilty in return for the government's promise to, among other things, recommend a sentence at the lower end of the guidelines range. The government's failure to recommend a sentence as promised in the plea agreement constitutes plain error. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate Robbins' sentence and remand.

I

On August 24, 1999, Robbins and Cornell Robert Robbins ("Cornell") were indicted with conspiracy to distribute and to possess with intent to distribute at least 5 kilograms of cocaine and 50 grams of crack cocaine. The United States subsequently filed an information indicating that it would seek an enhanced penalty under 21 U.S.C. § 851 based on Robbins' and Cornell's prior convictions.

Robbins entered into a written plea agreement. Among other things, Robbins agreed to plead guilty to the conspiracy charge, waive his right to appeal on most grounds and provide truthful information to the government during debriefing. The government agreed to withdraw the sentencing enhancement information and to recommend a sentence at the lower end of the guidelines range.

The magistrate judge held a Rule 11 hearing in which Robbins expressed his understanding of the charges against him, the provisions of the plea agreement and the rights he would forgo by pleading guilty.

The sentencing hearing was contentious. The probation officer submitted a presentence report that fixed Robbins' offense level at 36 and his criminal history category at I. Robbins objected to the report, challenging the accuracy of the government's evidence and the credibility of its witnesses. The government had informed the probation officer that Robbins had not been truthful during debriefing.

Based on evidence presented by the government, the district court found that Robbins' offense involved more than 1.5 kilograms of crack cocaine. Over the government's objection, the district court adjusted Robbins' offense level downward for acceptance of responsibility. The resultant guidelines range suggested Robbins be imprisoned for 168 to 210 months. The government did not make, and the district court did not ask for, a recommendation on where to sentence Robbins within the guidelines range. Robbins did not object to the government's failure to make a sentencing recommendation. The district court sentenced Robbins to 180 months in prison.

Robbins timely filed a notice of appeal. Robbins' appointed counsel for appeal submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), suggested that there were no meritorious issues for appeal and moved to withdraw.

II

We have examined the entire record for potential error in accordance with *Anders*, 386 U.S. at 744. We focus on the government's failure to recommend a sentence as promised in the plea agreement.

Where, as here, the defendant fails to object to the government's alleged breach of a plea agreement during sentencing, we review for plain error. *United States v. McQueen*, 108 F.3d 64, 65-66 (4th Cir. 1997). Reversal is appropriate if "the breach was 'so obvious and substantial that failure to notice and correct it affects the fairness, integ-

rity or public reputation of the judicial proceedings.'" *Id.* at 66 (quoting *United States v. Fant*, 974 F.2d 559, 565 (4th Cir. 1992)).

By not recommending a sentence at the lower end of the guidelines range, the government did not fulfill its obligations under the plea agreement. *See, e.g., United States v. Peglera*, 33 F.3d 412, 414 (4th Cir. 1994) ("Given the express inclusion of [a promise to recommend a lower sentence] in the plea agreement, there would seem to be little question that the government's [failure to do so] constituted a breach."). The government's failure to recommend a sentence as agreed in the plea agreement is a material breach that undermines the "honor of the government, public confidence in the fair administration of justice, and the effective administration of justice." *McQueen*, 108 F.3d at 66. The government's breach constitutes plain error. *See id.*

Case law requires us to remand this case to a different district judge for resentencing. *See United States v. Peglera*, 33 F.3d 412, 415 (4th Cir. 1994); *see also Santobello v. New York*, 404 U.S. 257, 263 (1971). Our decision in no way impugns the sentencing judge, who competently conducted the proceedings.

We vacate the sentence and remand the case to a different district judge for resentencing. Upon remand, the district court shall resentence Robbins consistent with the requirements of this opinion.

*VACATED AND REMANDED*\*

---

\*Counsel's motion to withdraw from representing Robbins is referred to the district court for appropriate disposition.