WILBUR, Justice (on reassignment).
,[¶ 1.] Lisa Slotsky agreed to plead guilty to a charge of unauthorized ingestion of a controlled substance in-,exchange for the State dismissing the remaining charges. The State also agreed to recommend a light sentence with no jail time. The circuit court sentenced Slotsky to five years in prison with one year suspended. Slotsky appeals her sentence, arguing that the State breached the plea agreement. We reverse and- remand for resentencing.
Background
■ [¶ 2.] After a traffic stop for speeding in March 2015, the State charged Slotsky with unauthorized ingestion of a controlled substance, driving- under the influence, driving while license is revoked, and speeding. Slotsky pleaded not guilty. In August 2015, the circuit court held a change-of-plea hearing. At the hearing, counsel for Slotsky indicated that Slotsky *740 “will plead guilty to the ingestion charge in Count I. And the court — or, the State will make a recommendation of Hope Court with no jail time.” The State also agreed to' dismiss the remaining charges. The court accepted Slotsky’s guilty plea.
[¶3.] In September 2015, the circuit court held a sentencing hearing. At the hearing, counsel for Slotsky argued that Hope Court would, be an appropriate sentence to rehabilitate Slotsky and to help her overcome her addiction. When the court asked for the State’s response, the State explained that Hope Court “was going to be my recommendation[,] ... [b]ut, shortly after that plea was entered, it’s concerning to me the charges that were filed against her in Tripp County, mostly because those aren’t another, substance-abuse charge; those are serious felonies[.]” The State also emphasized that Slotsky’s criminal history suggests that Slotsky may not be “able to maintain any type of long-term sobriety once Hope Court is over for her.” ■ The State also asserted that Slotsky’s history and the charges in Tripp County raise “red flags about her ability to, not necessarily be clean and sober, but her ability, to maintain laws and not cause harm to other people in the community[.]” The State asked the court to “consider that in imposing any type of sentence.” •
[¶ 4.] Slotsky objected and asserted that the “plea agreement, stated on the record, was that [the State] would do this plea ... and this whole line of argument is going against what the plea agreement was.” The State responded, “I stated- initially I still don’t have an objection to her being placed on Hope Court, but I think I have a right to have my concerns on the record for any matter in to the future.” It further contended, “And I have not asked her to be placed in the penitentiary for any period of time,” The circuit court sentenced-Slotsky to five years in prison with one year conditionally suspended. Slotsky appeals, asserting that the State breached the plea agreement.
Analysis
[¶ 5.]- When analyzing whether the State breaches a plea agreement, we apply ordinary principles of contract law. State v. Waldner, 2005 S.D. 11, ¶ 8, 692 N.W.2d 187, 190. “Like all contracts, plea agreements include an implied obligation of good faith and fair dealing.” State v. Morrison, 2008 S.D. 116, ¶ 5, 759 N.W.2d 118, 120 (quoting Erickson v. Weber, 2008 S.D. 30, ¶ 27, 748 N.W.2d 739, 746). Therefore, “[w]hen the government fails to fulfill a material term of a plea agreement, the defendant may seek specific performance or may seek to withdraw his plea.” State v. Bracht, 1997 S.D. 136, ¶ 6, 573 N.W.2d 176, 178 (quoting United States v. Barresse, 115 F.3d 610, 612 (8th Cir.1997)).
[¶ 6.] Here, Slotsky contends that the State breached the plea agreement when the State failed to recommend Hope Court and no jail time. According to Slot-sky, the State .impliedly argued for a harsher sentence. In response, the State asserts that it “did not renege on any deal by implicitly arguing for a tougher penalty at sentencing.” In the State’s view, it upheld its end of the plea agreement because it did not object to Slotsky being placed in Hope Court and it never argued that Slotsky be sentenced to the penitentiary for any length of time.
[¶7.] “[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.” Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); Waldner, 2005 S.D. 11, ¶ 9, 692 N.W.2d at 190. This is because, by plead *741 ing guilty, the defendant gives up her bargaining power. So “[o]nce the defendant has given up his ‘bargaining chip’ by pleád-ing guilty, due process requires that the defendant’s expectations be fulfilled.” Morrison, 2008 S.D. 116, ¶ 5, 759 N.W.2d at 120 (quoting Waldner, 2005 S.D. 11, ¶ 13, 692 N.W.2d at 191-92). And it does not matter if the State breaches the plea agreement inadvertently; “the defendant is still entitled to a remedy for the breach.” Id. Also, we do not examine whether the circuit court was in fact influenced by the breach of the agreement. Id. ¶ 6. The inquiiy is whether the State met its obligation. Id.
[¶ 8.] Based .on our review, the plea agreement required the State to recommend that Slotsky be placed in Hope Court and that she receive no jail time. At sentencing, instead of recommending Hope Court and no jail time, the State highlighted and detailed Slotsky’s criminal history and suggested that Slotsky would be unable to maintain sobriety or obey the laws and not cause harm in the community. As we recognized in. Morrison, by impliedly arguing for a harsher sentence, the State in effect asked the circuit court to disregard the State’s recommendation under the plea agreement. Id. ¶ 11.- And the State’s characterization of its remarks as not “opposing” Hope Court or no jail time is nothing more than “a ‘transparent effort to influence the severity of the defendant’s • sentence,’ without fulfilling its end of the bargain.” Id. (quoting Vanden Hoek v. Weber, 2006 S.D. 102, ¶ 23, 724 N.W.2d 858, 864). The State’s failure to recommend Hope Court and no jail time is a material and substantial breach of the plea agreement.
[¶ 9.] “We need not reach the question whether the sentencing judge would or would not have been inffuenced[.]” Waldner, 2005 S.D. 11, ¶ 9, 692 N.W.2d at 190 (quoting Bracht, 1997 S.D. 136, ¶ 7, 573 N.W.2d at 179). “[S]uch speculation is of no legal significance” — “the inquiry is not whether or not the trial court was affected by .the breach of the agreement, but whether the State’s Attorney met his or' her obligation.” Id. ¶ 12. ‘We emphasize that this is in no sense to question the fairness of the sentencing judge; the- fault here rests on the prosecutor, not . on the sentencing judge.” Bracht, 1997 S.D. 136, ¶ 11, 573 N.W.2d at 180 (quoting Santobello, 404 U.S. at 263, 92 S.Ct. at 499). Because ■ the State breached the plea agreement, “the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration.” Id. ¶ 7.
[¶ 10.j In 1997, this Court thoroughly considered the remedy for a breach of a plea agreement in Bracht, 1997 S.D. 136, 573 N.W.2d 176. We recognized that the United States Supreme Court, in San-tobello, “outlined” certain remedies. Id. ¶ 11 (quoting Santobello, 404 U.S. at 263, 92 S.Ct. at 499). We then exercised our discretion and adopted the view that, in a case where the relief involves specific.performance of a -plea agreement, the remedy is resentencing before a different judge. Id. ¶ 12. We deemed this remedy necessary “to create a consequence for a prosecutor’s broken promise” and to avoid the potential of “making the prosecutor’s breach a clear harmless error[.]” Id. ¶ 12 n. 1. “In order to restore him to the position he would have been in before the State’s breach, [the defendant] must be sentenced by another judge.” Id. ¶ 13.
■ [¶ 11.] Since Braeht, this Court has consistently applied-' that “sound logic” when the State breaches a plea agreement. Waldner, 2005 S.D. 11, 692 N.W.2d 187; *742 Vanden Hoek, 2006 S.D. 102, 724 N.W.2d 858; Morrison, 2008 S.D. 116, 759 N.W.2d 118. And we have done so despite arguments similar to today’s dissenting argument asserting that Santobello does not necessitate remand to a different judge for resentencing. See Vanden Hoek, 2006 S.D. 102, 724 N.W.2d 858 (Gilbertson, C.J., concurring in part and dissenting in part); Waldner, 2005 S.D. 11, 692 N.W.2d 187 (Gilbertson, C.J., concurring in part and dissenting in part); Bracht, 1997 S.D. 136, 573 N.W.2d 176 (Gilbertson, J., concurring in part and dissenting in part). Therefore, it is of no consequence that “Bracht was not an instance of this Court exercising the discretion granted by Santobello [.] ” Dissent ¶ 19. What matters is that this Court has on all previous occasions specifically declined to depart from its. view that the remedy for a breach of a plea agreement is remand to a different judge for sentencing. Waldner, 2005 S.D. 11, ¶ 14 n. 3, 692 N.W.2d at 192 n. 3 (“the cases decided after Braeht confirm the view expressed by the' Braeht majority that sentencing should be conducted by a new judge”). There is no need to “determine a different method of determining remedy.”[1] Dissent ¶20. We vacate Slotsky’s sentence and remand for resentencing before a different judge.
[¶ 12.] Reversed and remanded.
' [¶ 13.] ZINTER, SEVERSON, and KERN, Justices, concur.
[¶ 14.] GILBERTSON, Chief Justice, concurs in part and dissents in part.

. The three-factor test proposed by the dissent from United States v. Robin does not arise out of a case involving a breach of a plea agreement, and the Second Circuit Court of Appeals did not discuss Santobello. 553 F.2d 8 (2d Cir.1977); United States v. Robin, 545 F.2d 775 (2d Cir.1976). In contrast, in a case involving a breach of a plea agreement, the Second Circuit Court of Appeals cited to San-tobello and held that once the government breaches its agreement to take no position at sentencing "compliance with the agreement is best assured by requiring resentencing before another district judge." United States v. Corsentino, 685 F.2d 48, 52 (2d Cir.1982). Similarly problematic, no case cited by the dissent supports its claim that resentencing by a different judge is an exceptional remedy when the government breaches a plea agreement. This is likely because the cases cited by the dissent do not involve breaches of plea agreements. See, e.g., United States v. Kennedy, 682 F.3d 244 (3d Cir.2012) (remand.to a different judge because the sentencing judge did not abide by the appellate court’s mandate on first remand); United States v. Awadallah, 436 F.3d 125, 137 (2d Cir.2006) (limiting the scope of trial testimony grand jurors will be permitted to hear regarding the defendant’s demeanor before the grand jury); United States v. Sears, Roebuck & Co., Inc., 785 F.2d 777 (9th Cir.1986) (examining whether a superseding indictment broadened the original indictment). Even if the dissent is correct — that applying a three-factor test before remanding, to a different judge would not violate Santobello — this Court has rejected any invitation to depart from its bright-line remedy in a case involving a breach of a plea agreement.